McKinney, J.
delivered the opinion of the court.
In respect to the true application and extent of the principle upon which this case was placed, by the Circuit Judge, in his instructions to the jury, viz, the principle of compensation for nuisance, as it is denominated, in .some of the cases, there is, in the books, at least an apparent disagreement.
The case of the King vs. Ward, 4 Adol. and Ellis’ Rep., 384, (31 Eng. Com. Law Rep., 92) is relied upon, with other cases, of. similar import, to maintain the proposition, that every structure or erection in a river declared naviga *381 ble by law, not of a character to improve or facilitate the navigation, is, in law, a nuisance, and that collateral benefits resulting to the public, or to a different part of the public, from such erection, will not divest it of the character of a nuisance; that the countervailing benefit, sufficient for that purpose, must be to the public, or that portion of it engaged in the navigation of the stream; or, in other words, that the public have been more benefited than injured in the ordinary and legitimate uses of fhe stream. See also 9 Wend., 571; 1 Dallas’ Rep., 150.
On the other hand, the case of the King vs. Russell, 6 Barn. & Cress., 566, (13 Eng. Com. Law Rep., 254) is supposed to be an authority to support the doctrine, that an abridgement of the right of navigation, or passage, may be justified, if the erection be productive of a greater public benefit: or, even, if the benefit conferred upon a different part of the public, be greater, in degree, than the injury done to that part engaged in navigation.
This case does not require that we should attempt to reconcile the cases upon this subject: neither does it require that we should lay down what might be deemed the correct principle in such cases, did our views altogether coincide upon that point.
For all the purposes of the present case, it is sufficient to hold, as we all do, that, whatever may be the correct principle, it manifestly has no sort of application to the facts of this case, and was wholly misapplied by his Honor, the Circuit Judge; It is clear, that no amount of benefit conferred upon an indefinite number of private individuals, or upon a local community, can be admitted to countervail the public injury, and inconvenience resulting from the obstruction of a navigable river.
The Circuit Court, therefore, erred in admitting evidence *382 of the supposed public benefit, as it is called, derived from the use of the defendant’s floating mill; and, also, in submitting it to the jury to determine whether such benefit, countervailed the injury to the public, occasioned by the obstruction of the navigation.
Upon this ground, the judgment will be reversed, and the case be remanded for a new trial.